[Crim. No. 440.  Second Appellate District.—February 3, 1916].

## THE PEOPLE, Respondent, v. JOHN R. McLEOD, Appellant.

CRIMINAL LAW—PERJURY—DENIAL OF COLLECTION OF JUDGMENT—JUDGMENT SET ASIDE.—A prosecution for perjury against an attorney based upon a charge that he falsely denied under oath that he collected and received a certain sum of money on account of, and in settlement of, a judgment obtained in an action in favor of his client, cannot be maintained where it appears from the proof that the only judgment rendered in the action was set aside by reason of an error in computation of the amount found to be due.

ID.—UNCERTAINTY IN EVIDENCE—GRANTING NEW TRIAL—DISCRETION OF COURT.—In such a case, where it appeared that the evidence in the action brought by the defendant for his client upon a claim against a third party was indefinite and uncertain as to whether the defend-

ant herein had received anything which he had a right to deem paid to him in settlement of the claim sued upon, there was no abuse of discretion on the part of the trial court herein in making a general order granting a new trial.

ID.—SATISFACTION OF JUDGMENT — DELIVERY IN ESCROW — ESTOPPEL — BURDEN OF PROOF.—In an action brought by the client against the attorney for money had and received, the defendant was not estopped from denying that he received full payment of the judgment because his answer admitted, by not denying, the execution of the satisfaction, where it appears that the satisfaction was placed in escrow and it was not shown that it was filed or even delivered to anyone authorized to file it, except upon conditions not shown to have been performed; and, moreover, the action being for money had and received in a certain sum alleged to have been received by defendant for the use of plaintiff, it devolved upon plaintiff to show that defendant received said sum, or some part thereof, in order to recover judgment.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Appellant.

J. J. Fleming, and Graham & Graham, for Respondent.

SHAW, J.—Defendant was, upon an information filed charging him therewith, convicted of the crime of perjury. He moved for a new trial upon all the statutory grounds and the court, by a general order, granted the motion, from which the people appeal.

It appears from the information that J. M. Brennan and Edith W. Brennan brought suit against defendant to recover a sum of money which they alleged he, as their attorney, had, prior to April 7, 1914, collected from one A. Levin upon a judgment obtained in an action, wherein Edith W. Brennan was plaintiff and said Levin defendant, all of which allegations were denied by defendant in a verified answer filed in said action so brought against him, and that upon trial thereof defendant, as a witness in his own behalf, testified ''that prior to the said 7th day of April, 1914, he, the said John R. Mc-Leod, had not received anything on account of said judgment

theretofore entered in said Superior Court in said action No.
B-7786, and entitled Edith W. Brennan, Plaintiff, vs. A.
Levin, Defendant,'' which testimony was then and there
material to the inquiry then being made; that in truth said
testimony so given by defendant was knowingly and will-
fully false, the fact being that he had, prior to said April 7,
1914, collected and received on account of and in settlement
of the said judgment so rendered and entered against A.
Levin, credits and sums of money in the aggregate of $1,575.

As shown by the mixed and muddled up record presented
in support of the appeal, the plaintiff, in proof of the facts
alleged in the information as constituting the offense, offered
what on its face purported to be a judgment rendered on
March 16, 1914, and entered March 21, 1914, in favor of
plaintiff in the case of *Brennan* v. *Levin,* for the sum of one
thousand five hundred dollars and interest, which, as shown,
is followed by what appears to be a minute order, giving title
and number of the case, that ''it appearing to the court that
the judgment herein entered on the 21st day of March, 1914,
in Book 295 of Judgments, at page 236, contains an error in
the computation of the amount therein found to be due, it is
ordered that said judgment be, and the same is vacated and
set aside.'' It thus appears that this, the only judgment
rendered in the case of *Brennan* v. *Levin,* so far as we are
able to find in the record, was vacated and set aside; hence
defendant could not, as alleged in the information, have col-
lected anything *on account of,* or *in settlement* of, said judg-
ment, since none existed.

It further appears by vague and uncertain evidence offered
on behalf of the people, that in the controversy between
Brennan and Levin, wherein defendant acted as attorney for
the plaintiff and one Cheroske acted as attorney for the de-
fendant, the attorneys of the respective parties, about March
16th, entered into some indefinite agreement whereby Cheroske
was to receive from Levin certain checks and papers evi-
dencing credits to which it was agreed he should be entitled,
together with a satisfaction of the purported judgment against
Levin executed by defendant, under which arrangement, as
to a large part, if not all, of the amount in controversy,
a future settlement and payment was contemplated, and when
consummated the satisfaction so executed should become oper-
ative. The evidence as to this agreement is indefinite, and

of a character which might well leave some doubt in the mind of the court as to whether or not, owing to uncertainty as to the nature of the agreement and uncertainty as to the same being fully executed on April 7th, defendant had as alleged received anything which he had a right to deem paid to him in settlement of Brennan's claim against Levin. However this may be, we are satisfied that there was no abuse of discretion on the part of the trial court in making the general order granting defendant's motion for a new trial.

Notwithstanding the fact, the order is in terms general, the argument of counsel for appellant is addressed to the alleged error of the court in granting the motion upon the ground that, since in his answer defendant admitted, by not denying, the execution of the satisfaction, he was estopped from denying that he had received full payment of the judgment; that whether or not defendant received anything, he was liable for the whole amount of the judgment on account of executing the satisfaction. The satisfaction, however, was placed in escrow, and it does not appear that it was filed or even delivered to anyone authorized to file it, except upon conditions not shown to have been performed. Moreover, as stated, the action was for money had and received in the sum of $1,575 alleged to have been received by defendant for the use of plaintiffs, and therefore it devolved upon them to show that he had received said sum, or some part thereof, in order to recover judgment. It may be that had the action been one for damages, any evidence to the effect that defendant received money would be immaterial, since the issue involved would be to what extent the plaintiff had been damaged by the act of the defendant in satisfying the judgment.

The order appealed from is affirmed.

Conrey, P. J., and James, J., concurred.